Eastern District of Kentucky
**F I L E D**

MAR 17 2021

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL ACTION NO. 20-122-GFVT**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**V.**                              **PLEA AGREEMENT**

**BRADLEY SCOTT HELTON**                                                    **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

2. The essential elements of 18 U.S.C. § 2251(a) are:

    (a) The Defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

    (b) The Defendant knew that the visual depiction(s) he persuaded, induced, enticed and coerced the minor victim to create were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, or that such visual depictions would be transmitted using a means or facility of interstate commerce.

3. As to the offense, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) Helton connected with the 7 year-old victim in this case on May 16, 2020, via

an app called "Kiss Kiss: Spin the Bottle." The app advertises itself as "the best game for chatting, dating, and having fun with players from your city and around the world." After Helton and the victim were randomly connected via the Kiss Kiss app, they began communicating with each other via text messaging.

(b) The communications between Helton and the victim occurred beginning on the evening of May 16, 2020 and ended in the early hours of May 17, 2020. The conversations between HELTON and the victim quickly became sexual in nature. During these conversations, HELTON sent the victim videos and pictures, including pictures of his genetalia, a video(s) depicting sexual intercourse. Helton then requested that the victim send him a video of her performing a sexual act with an object and, in response, the victim sent a video of herself imitating sexual intercourse with a teddy bear and a video of herself appearing to insert a red toothbrush into her vagina. In total, there were five sexually explicit videos sent by the victim to Helton at his request.

(c) Early on the morning of May 17, 2020, the victim's mother found the victim asleep holding her phone. The victim's mother then looked at the phone and saw the communications between HELTON and her daughter and reported it to law enforcement, who were able to identify the person that had been communicating with the victim as HELTON. At the time of the communications, the victim was located in Texas and the Defendant was located in Madison County, in the Eastern District of Kentucky.

(d) HELTON admits that he employed, used, and persuaded the 7 year-old victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. He further admits that the images traveled in interstate commerce when they were sent from the victim in Texas to him in Kentucky and that they were sent via a means and facility of interstate commerce, that is text messaging via cellular telephones.

4. The statutory punishment for the offense is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S.

District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty), committed after May 29, 2015 through September 30, 2021. The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A, an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense. Also, mandatory restitution under 18 U.S.C. § 2259 that is not less than $3,000.00 per victim may be applied.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) The United States Sentencing Guidelines (U.S.S.G.) Manual in effect at the time of sentencing will determine the Defendant's guideline range. The November 1, 2018 Manual guideline calculations are listed below.
>
> (b) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.
>
> (c) Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), increase the offense level by 4 levels because the offense involved a minor who had not attained the age of 12.
>
> (d) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B), increase the offense level by 2 because the offense involved the use of a computer or interactive computer service to solicit participation of a minor in sexually explicit conduct.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(f) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant and the United States have not reached an agreement as to the application of the following guideline enhancements: a) U.S.S.G. § 2G2.1(b)(2)(A), which increases the offense level by 2 if the offense involved the commission of a sexual act of sexual contact; b) U.S.S.G. § 2G2.1(b)(4), which increases the offense level by 4 if the offense involves sadistric or masochistic conduct or other depictions of violence; c) U.S.S.G. 4B1.5, which increases the offense level by 5 if the defendant's instant offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

9. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant will forfeit to the United States all interest in any property that was used to commit or promote the commission of the offense, and will execute any documents necessary for this forfeiture. Specifically the Defendant will forfeit his interest in the property listed in the forfeiture allegation of the indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that the United States could prove that a nexus exists between the property and the offense.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving

the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable

immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 3/17/21   By: _____
Erin M. Roth
Assistant United States Attorney

Date: 3/17/21   _____
Bradley Scott Helton
Defendant

Date: 3/17/21   _____
Christopher Spedding
Attorney for Defendant

8