UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION – LEXINGTON
*Electronically Filed*

**CRIMINAL ACTION NO. 20-CR-122-GFVT**

UNITED STATES OF AMERICA                          PLAINTIFF

v.

BRADLEY SCOTT HELTON                       DEFENDANT

**SENTENCING MEMORANDUM**

Comes the Defendant, by and through counsel, and submits the following Sentencing Memorandum for the Court to consider in determining the appropriate sentence in this case. Pursuant to 18 U.S.C. § 3553 (a), the Court shall impose a sentence sufficient but not greater than necessary to comply with the purpose of the statute.

**INTRODUCTION**

The Defendant comes before the Court for sentencing after pleading guilty to Production of Visual Depictions Involving a Minor Engaged in Sexually Explicit Conduct Using a Means of Interstate Commerce in violation of 18 U.S.C. § 2251 (a). The charge arose after Defendant initiated communication with a minor via a dating application on his phone. Defendant admits to initiating the communications and accepts responsibility for his actions.

**NATURE AND CIRCUMSTANCE OF THE OFFENSE
AND HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Defendant was born in Fayette County, Kentucky and raised by his mother and stepfather in Kentucky until relocating around age 14 to Ohio. Although Defendant's needs were met and his home was free from abuse, he was sexually abused at age 7, by an older cousin.

Defendant has been married since June 2014 however no children have been born of the marriage and Defendant has no children from any previous relationships. He intends to return home after the service of any sentence he may receive.

Defendant has not obtained his high school diploma or GED and his employment history is sporadic. He reports work in the construction field as well as performing "odd jobs." Defendant has been diagnosed with asthma and epilepsy. Additionally, he has been diagnosed with bipolar disorder and other unspecified mental health issues. He reports being medicated for these conditions until he was 18 and spending some time in a youth facility as a result of same and for drug abuse treatment. However, he is currently not under the care of any doctors and his mental health and drug abuse issues remain untreated.

Defendant's criminal history results in a Criminal History category II. Additionally, Defendant admits to regular marijuana and methamphetamine use. As is the case in a number of cases before this Court, most, if not all of Defendant's transgressions were a result of his addiction to narcotics. Defendant is amenable to treatment and believes it would be very beneficial after his release. Defendant has accepted responsibility for his actions. He is agreeable to sex offender treatment and any other recommendations for education and vocational purposes. He plans to continue to reside in the Berea area with his wife and obtain employment upon his release.

## SENTENCING OPTIONS

Defendant's guideline range in this case is 235-293 months. The Defendant served objections to the guideline calculations in the PSR, most notably the 2 point enhancement because the offense involved "sexual contact". See USSG§2G2.1(b)(2)(A) and *United States v. Shafer, 573 F.3d 267 (6th Cir. 2009).* At the time of this objection, the undersigned interpreted the facts of that case and the holding therein to be distinguishable from the instant case. However, after reviewing

the USPO's response to the objection and further review of *Shafer*, the undersigned maintains that the facts supporting the holding are distinguishable, however, the holding itself regarding "sexual contact" would apply here as written. Additionally, the Defendant objected to the characterization in the PSR that a "sexual act" took place. A plain reading of 18 U.S.C. §2246(2) clearly reveals that the events that occurred did not fall under the definition of a "sexual act". See also *United States v. Shafer, 573 F.3d 267 (6th Cir. 2009)*.

The Defendant's conduct in this case was abbreviated and is distinguishable from many cases that come before the Court. This incident appears to be isolated and it is clear that Mr. Helton was not seeking to engage a minor and was instead participating in a dating website. There conduct did not occur over a prolonged period of time. With that being said, he does and has admitted that when it happened as it did, he should have disengaged immediately and did not and for that he knows he did wrong and is ready to accept the Court's judgment regarding punishment.

While the guideline calculation calls for a sentence exceeding the mandatory minimum of 15 years, the Defendant prays that the Court will consider a mandatory minimum sentence in this case.

Respectfully Submitted,

/s/Christopher A. Spedding
Christopher A. Spedding
271 W Short St., Suite 402
Lexington, KY 40507
Phone: 859-255-0050 Fax: 859-554-2528
Email: chris@speddinglawoffice.com

**Certificate of Service:**

    This is to certify on July 9, 2021, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send notice to counsel of record as appropriate.

                                              /s/Christopher A. Spedding
                                              Christopher A. Spedding